# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CARLEEN MILAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:10-cv-00240-RCJ-RAM |
| vs. ) | |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This case arises out of the denial of social security disability benefits. The parties have filed cross motions for summary judgment. Plaintiff did not appear at the hearing. For the reasons given herein, the Court grants the Social Security Administration's ("SSA") motion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Carleen Milan sued Defendant SSA in this Court for review of its denial of her application for disability benefits. (*See* Compl., May 5, 2010, ECF No. 4). Plaintiff alleges she was diagnosed with chronic pancreatitis in November 1998 and that this condition completely disabled her from gainful employment. (*See id.* 4). She alleges that an administrative law judge preliminary approved her application for disability benefits, but "due to an apparent mix-up within the [SSA] my case was denied, and my subsequent appeal was also denied" (*See id.*).

## II. SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson*

1  *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if

2  there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *See*

3  *id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported

4  claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary

5  judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

9  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)

10  (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears

11  the burden of proving the claim or defense, the moving party can meet its burden in two ways:

12  (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2)

13  by demonstrating that the nonmoving party failed to make a showing sufficient to establish an

14  element essential to that party's case on which that party will bear the burden of proof at trial.

15  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden,

16  summary judgment must be denied and the court need not consider the nonmoving party's

17  evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

18        If the moving party meets its initial burden, the burden then shifts to the opposing party

19  to establish a genuine issue of material fact.  *See Matsushita Elec. Indus. Co. v. Zenith Radio*

20  *Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing

21  party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

22  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

23  versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

24  626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment

25  by relying solely on conclusory allegations that are unsupported by factual data.  *See Taylor v.*

1  *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions
2  and allegations of the pleadings and set forth specific facts by producing competent evidence that
3  shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.
4       At the summary judgment stage, a court's function is not to weigh the evidence and
5  determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477
6  U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are
7  to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely
8  colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

9  **III.  ANALYSIS**

10       Defendant contends there was no mix-up but that Plaintiff's application was denied by
11  the administrative law judge ("ALJ") and appeals panel because she was not disabled from
12  gainful employment during the period through which she was insured under the Social Security
13  Act.  In its motion, Defendant recounts the proceedings below and the detailed findings of the
14  ALJ.  The Court finds that the ALJ's findings of fact are supported by substantial evidence and
15  are therefore conclusive on the Court. *See* 42 U.S.C. § 405(g).  Accordingly,

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in favor of Defendant and close the case, accordingly.

IT IS SO ORDERED.

Dated this 26th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge